09-1888-ag
Panggabean v. Holder

BIA
Rohan, IJ
A 095 149 237

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of February, two thousand ten.

PRESENT:
> RALPH K. WINTER,
> ROBERT A. KATZMANN,
> PETER W. HALL,
> *Circuit Judges*.

_____

CHATARINA PANGGABEAN,
> *Petitioner*,

v.                                              09-1888-ag
                                                NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:        Theodore N. Cox, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General, Civil Division; Cindy S. Ferrier, Senior Litigation Counsel; Sunah Lee, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Chatarina Panggabean, a native and citizen of Indonesia, seeks review of an April 7, 2009 order of the BIA affirming the June 26, 2007 decision of Immigration Judge ("IJ") Patricia A. Rohan, which denied Panggabean's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chatarina Panggabean*, No. A 095 149 237 (B.I.A. Apr. 7, 2009), *aff'g* No. A 095 149 237 (Immig. Ct. N.Y. City June 26, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we consider both the IJ's and BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

As a preliminary matter, Panggabean does not challenge the agency's findings that she failed to demonstrate: (1)

2

past persecution; and (2) her eligibility for CAT relief. Rather, she challenges only its pattern or practice finding and its discretionary denial of her application for asylum. We find no merit in her arguments.

The BIA properly denied Panggabean's application for asylum and withholding of removal. Contrary to Panggabean's argument, the BIA did not err in applying the "systemic or pervasive" standard to her pattern or practice claim, and nothing in our decision in *Mufied v. Mukasey*, 508 F.3d 88 (2d Cir. 2007), merits a different conclusion. *See Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009). Similarly, the BIA did not err in finding that Panggabean failed to submit evidence sufficient to establish that Chinese Christians are persecuted by groups that the Indonesian government is either unwilling or unable to control. *See Santoso*, 580 F.3d at 112-13 (upholding agency's determination that there is no pattern or practice of persecution against Chinese Christians in Indonesia); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that the weight afforded to the evidence is largely within the agency's discretion).

Furthermore, Panggabean's argument that the BIA failed

3

to consider State Department Reports and news articles in the record is without merit.  To the contrary, the BIA explicitly referred to the "evidence in the record," including "State Department Country Reports," and no further discussion of the evidence was required.  *See Xiao Ji Chen*, 471 F.3d at 338 n.17 ("[W]e presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise").  The BIA also did not err in finding that the fact that Panggabean's relatives continued to live in Indonesia unharmed reduced the reasonableness of her fear.  *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999); *see also Lie v. Ashcroft*, 396 F.3d 530, 537 (3d Cir. 2005).  Therefore, because Panggabean failed to establish a pattern or practice of persecution of Chinese Christians in Indonesia, the agency did not err in denying her application for asylum.  8 C.F.R. § 1208.13(b)(2)(iii)(A).  Furthermore, because Panggabean was unable to show the objective likelihood of persecution needed to make out an asylum claim, she was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Gomez v. INS*,

4

947 F.2d 660, 665 (2d Cir. 1991). We therefore need not reach the agency's discretionary denial of Panggabean's application for asylum.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5